PECK LATERAL DITCH CO., APPELLANT, v. PELLA IRRI-
GATING DITCH CO., APPELLEE.

1. LIMITATIONS.
An action to set aside a decree obtained without notice, which to the prejudice of the plaintiff substantially modifies and changes the rights of the parties as set forth in a former decree entered in an adjudication of priorities to the use of water, does not fall within the provisions of sections 1796 and 1797 Gen. Stats., limiting the time within which certain actions may be commenced.

2. SAME.
Such an action is not brought for the purpose of determining the priority of appropriation to water.   It is purely one for relief on the ground of fraud, and if any statute of limitation is applicable it is Gen. Stats., section 2174.

*Appeal from the District Court of Boulder County.*

ACTION to set aside decree for fraud.

Messrs. MANLEY & MOORE and Messrs. BENEDICT & PHELPS, for appellant.

No appearance for appellee.

CHIEF JUSTICE HAYT delivered the opinion of the court.

By the allegations of the complaint it is shown that in the

year 1881 and prior thereto, appellant and appellee were both users of water for irrigation from St. Vrain creek. In 1881 an adjudication of priorities to the use of water from this stream was had in the district court of Boulder county, in pursuance of the statutes. To this proceeding appellant and appellee were parties and the rights of each were duly ascertained and fixed by a decree entered on the 2d day of June, 1882. This decree was entered after a full hearing of all the parties interested, and is alleged to have been made in conformity to law and in accordance with the testimony and proofs taken. At a subsequent term of the court and upon the 19th day of February, 1883, about eight months after this original decree was entered, appellee without notice to appellant, procured the signature of the presiding judge to a decree substantially modifying and changing the rights of appellant and appellee as set forth in the former decree, to the prejudice of appellant. It is further alleged in the complaint that this amended decree was granted without notice and without a hearing being accorded appellant, or an opportunity to be heard, and that it was withheld and not recorded until nearly six years thereafter; that it did not discover the fraud until late in the year 1888, and shortly before the institution of this action. The bill further alleges that the original decree was fair and equitable and that the subsequent decree was unjust and unfair, and not sustained by the evidence or by the report of the referee to whom the matter was originally submitted for determination. To this complaint appellee interposed a general demurrer with the special allegation that the cause of action was barred by the statute of limitation. This demurrer was sustained, and appellant electing to stand by his complaint, judgment was entered against him.

The record does not disclose the precise reason for which the demurrer was sustained. It is alleged, however, in appellant's brief that the ruling was predicated upon the theory that the right of action was barred by lapse of time. As this seems to be the most plausible reason that can be given in

support of the judgment of the district court, we shall examine the statutes upon which such a conclusion might possibly have been based.  There are two provisions of the Irrigation Act which may have had some influence upon the mind of the trial judge.  As these provisions appear in the General Statutes of 1883, they are numbered respectively 1796 and 1797.  The first provides that, " nothing in this act or in any decree rendered under the provisions thereof, shall prevent any person, association or corporation from bringing and maintaining any suit or action whatsoever hitherto allowed in any court having jurisdiction, to determine any claim of priority of right to water, by appropriation thereof, for irrigation or other purposes, at any time within four years after the rendering of a final decree under this act in the water district in which such rights may be claimed." * * * The next section provides that, "after the lapse of four years from the time of rendering a final decree, in any water district, all parties whose interests are thereby affected shall be deemed and held to have acquiesced in the same, except in case of suits before then brought, and thereafter all persons shall be forever barred from setting up any claim to priority of rights to water for irrigation in such water district adverse or contrary to the effect of such decree."   To hold that a decree obtained by fraud could not be attacked and set aside, provided the party perpetrating the fraud could succeed in concealing his fraudulent conduct for the period of four years, would be to furnish unprincipled people with a sword to be wielded in the destruction of the property rights of others, and offer a premium to knavery.  These statutes which are to be construed together were never intended to have the construction indicated.  Certainly there is nothing in the sections quoted which constitutes a bar to the present action.  This suit is not brought for the purpose of determining the priority of appropriation to water.  It is purely an action for relief on the ground of fraud.  If any statute of limitation is applicable in this case, it is the one providing that "bills for relief, on the ground of fraud, shall be filed within three years

after the discovery by the aggrieved party, of the facts constituting such fraud, and not afterwards." Gen. St. § 2174. As this action was instituted almost immediately after the facts came to the knowledge of the appellant the demurrer should have been overruled. Judgment

*Reversed.*